IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AUDREY HARMON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-CV-344 |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| NCO FINANCIAL SYSTEMS, INC., | ) | |
| ALLIED INTERSTATE, LLC, and | ) | |
| ENHANCED RECOVERY COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

## INTRODUCTION

1. This is an action for damages against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff, Audrey Harmon, (hereinafter referred to as "Plaintiff" and/or "Ms. Harmon"), is a resident of this State, District and Division who is authorized by law to bring this

1

action.

5. Defendant NCO Financial Systems, Inc., (hereinafter referred to as "Defendant NCO") is a corporation organized under the laws of the State of Pennsylvania and may be served by personal service upon its registered agent, to wit: NCO Financial Systems, Inc., C/O: CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710.

6. Defendant Allied Interstate, LLC, (hereinafter referred to as "Defendant Allied") is a corporation organized under the laws of the State of Minnesota and may be served by personal service upon its registered agent, to wit: Allied Interstate, LLC, C/O: Bobby Allen, Sr., 6800 Highway 51s #568, Brighton, TN 38011-7057.

7. Defendant Enhanced Recovery Company, LLC, (hereinafter referred to as "Defendant Enhanced") is a foreign limited liability company organized under the laws of the State of Florida and may be served by personal service upon its registered agent, to wit: Capitol Corporate Services, Inc., 155 Office Plaza Drive, Suite A, Tallahassee, Florida 32301.

8. Other Defendants may be discovered in the course of litigation, and Ms. Harmon respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

9. Defendants use mail in their businesses.

10. The primary purpose of Defendants' businesses is the collection of debts.

11. Defendants regularly collect or attempt to collect debts owed, or due, or asserted to be owed or due to another.

12. Defendants are debt collectors subject to the provisions of the FDCPA.

13. Defendant has alleged that Ms. Harmon incurred an obligation to pay money arising out

2

Case 3:13-cv-00344-TAV-HBG   Document 1   Filed 06/18/13   Page 2 of 10   PageID #: 2

of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Capital One Bank (USA), N.A.

14. In the course of attempting to collect a debt allegedly due from Ms. Harmon to a business not a party to this litigation, Defendants communicated with Ms. Harmon on multiple occasions in a fashion that violated multiple provisions the FDCPA.

### *Collection Letter from Defendant NCO dated January 12, 2012*

15. Defendant NCO sent Ms. Harmon a collection letter dated January 12, 2012, collecting on a Capital One Bank (USA), N.A. account ending in 7641 (said collection letter is attached as Exhibit A and incorporated herein by reference).

16. The January 12, 2012 collection letter from Defendant NCO asserted a balance of **$883.14 as of January 12, 2012** (see attached Exhibit A)(emphasis added).

17. The January 12, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

### *Collection Letter from Defendant NCO dated June 18, 2012*

18. Defendant NCO sent Ms. Harmon a collection letter dated June 18, 2012, collecting on a Capital One Bank (USA), N.A. account ending in 7641 (said collection letter is attached as Exhibit B and incorporated herein by reference).

19. The June 18, 2012 collection letter from Defendant NCO asserted a balance of **$943.19

3

**as of June 18, 2012**. (see attached Exhibit B)(emphasis added).

20. The June 18, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

*Collection Letter from Defendant Allied dated July 20, 2012*

21. Defendant Allied sent Ms. Harmon a collection letter dated July 20, 2012, collecting on the same **Capital One Service Inc.**, account ending in 7641 (said collection letter is attached hereto as Exhibit C and incorporated herein by reference)(emphasis added).

22. The July 20, 2012 collection letter from Defendant Allied asserted an increased balance of $991.44 as of July 20, 2012. (see attached Exhibit C).

23. The July 20, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

24. The July 20, 2012 letter asserts:

> We are a debt collection company and our client, **Capital One Services Inc.** has retained us to collect the debt noted above.

(see attached Exhibit C) (bold in original).

25. The July 20, 2012 letter goes on to assert:

> We urge you to make this payment promptly. If you fail to do so, we will have no choice but to continue taking further actions to ensure our client is paid.

(see attached Exhibit C).

*Collection Letter from Defendant Enhanced dated January 21, 2013*

4

26. Defendant Enhanced sent Ms. Harmon a collection letter dated January 21, 2013, collecting on a Capital One Services, LLC account ending in 7641 (said collection letter is attached as Exhibit D and incorporated herein by reference).

27. The January 21, 2013 collection letter confusingly asserts:

> Creditor: Capital One Services, LLC
> Original Creditor: CapitalOneFinance
> Account Number: XXXXXXXXXXXXXXX7641
> Amount of Debt: $1,138.85
> Reference Number: 70866981

28. The January 21, 2013 collection letter asserted an increased balance of **$1,138.85** as of January 21, 2013. (see attached Exhibit D)(emphasis added).

29. The January 21, 2013 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

30. The January 21, 2013 letter asserts:

> Capital One Services, LLC has attempted to resolve your account. As a result of your failure to resolve your financial obligation with Capital One Services, LLC, your account has been assigned to Enhanced Recovery Company, LLC for collection efforts.

(see attached Exhibit D).

31. The January 21, 2013 letter goes on to assert:

Upon receipt and clearance of $1,138.85, your account will be closed and collection efforts will cease (see attached Exhibit D).

### *July 13, 2012 Collection Letter from Defendant M&P*

32. Defendant M&P sent Ms. Harmon another collection letter dated July 13, 2012, collecting on the same Bank of America, N.A. / FIA Card Services, N.A. account ending

5

in 6776. (see attached Exhibit E).

33. The July 13, 2012 collection letter from Defendant M&P asserted an increased balance of $7,713.15 as of July 13, 2012. (see attached Exhibit E).

34. The July 13, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

35. The July 13, 2012 letter does not disclose the name of the original creditor but instead asserts: "Name of Creditor: Portfolio Recovery Associates, LLC…Our File No. 12Y11262" (see attached Exhibit E).

36. The July 13, 2012 letter goes on to say: "All contact with this office must include **OUR FILE NUMBER**." (see attached Exhibit E) (emphasis in original).

37. The July 13, 2012 letter bears no signature, but instead asserts: "Non-Attorney Account Representative." (see attached Exhibit E).

38. In these communications to Ms. Harmon, Defendants violated the FDCPA.

FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
FALSE OR MISLEADING REPRESENTATIONS

39. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt is in violation of 15 U.S.C. § 1692e.

40. Ms. Harmon received at least two separate collection communications for the same Capital One Bank (USA), N.A. account from Defendant NCO dated January 12, 2012 and June 18, 2012. Each of these collection communications stated different amounts allegedly due on this account.

41. The balance significantly increased with each letter from Defendants, such as the alleged

6

balance owed from $883.14 on January 1, 2012 to $943.19 as of June 18, 2012, to $991.44 as of July 20, 2012, and finally to $1,138.85 as of January 21, 2013.

42. Each and every letter from Defendants demanded different amounts from Ms. Harmon.

43. A calculation of the time between the collection correspondences and the amounts sought shows that each and every letter accrued a different amount of interest and none of them applied the contractual rate of interest.

44. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have confused Ms. Harmon as to what amount of money she owes on this account.

45. By demanding drastically changing interest rates on this account, Ms. Harmon is confused as to whether interest is legally collectable on this account.

46. By assigning different account numbers and file numbers, Ms. Harmon is confused as to which account Defendants are collecting on.

SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

47. The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, is in violation of 15 U.S.C. § 1692e(2).

48. Each and every letter from Defendant demanded different amounts from Ms. Harmon. A calculation of the time between the letters and the amounts sought shows that each and every letter has accrued a differing amount of interest and none of them applied the contractual rate of interest.

49. The actual amount of the alleged debt is certainly in question. It is overly confusing as to

what amount is owed on this account since the balance increases drastically from $883.14 on January 12, 2012 to $1,138.85 as of January 21, 2013.

50. By demanding amounts that increase in various interest rates within a short period of time, Defendants have confused Ms. Harmon as to what amount of money she owes on this account.

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

51. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

52. Defendants sent Ms. Harmon: a collection letter on January 12, 2012 demanding $883.14, a subsequent collection letter on June 18, 2012 demanding $943.19, another collection letter dated July 20, 2012 demanding $991.44, and finally a collection letter dated January 21, 2013 demanding $1,138.85.

53. Defendant NCO sent Ms. Harmon a collection letter on January 12, 2012 demanding $883.14, then sent a subsequent collection correspondence dated June 18, 2012 demanding $943.19, which demonstrates the account was accruing interest at a rate of 15.20%.

54. Defendant Allied sent Ms. Harmon a subsequent collection communication dated July 20, 2012 demanding $991.44, which demonstrates the account was accruing interest at a rate of 56.95% from the April 9, 2012 demand by Defendant PRA.

55. Finally, Defendant Enhanced sent Ms. Harmon another collection correspondence dated January 21, 2013, demanding $1,138.85, which demonstrates that account was accruing

interest at a rate of 27.358% from the July 20, 2012 demand by Defendant Allied.

56. By assigning different account balances and interest rates to the same account, and seeking an unwarranted rate of interest, Defendants have confused Ms. Harmon as to what amount of money she owes on this account.

57. Ms. Harmon asserts that the differing demands by Defendants are an attempt to keep her confused as to the amount is owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

58. Tennessee laws also require that creditors and debt collectors only demand interest and fees that are attributable to an account and pursuant to the underlying contract that was signed by the consumer, thus the exorbitant and inconsistent amounts demanded by Defendants are also attempts to collect amounts not permitted by law.

59. Ms. Harmon is confused as to what amount Defendants are actually pursuing, what rate of interest they are charging, whether they are assessing fees, etc….

60. By asserting a balance that varied substantially in each of the collection attempts, specifically assessing an inconsistent and unspecified rate of interest, fees or charges on each collection letter, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

## TRIAL BY JURY

61. Ms. Harmon is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants in favor of the Plaintiff as follows:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendants to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the ____ day of June, 2013.

    /s/ *Brent T. Strunk*_____
Brent T. Strunk, BPR #023050
Brackett & Strunk, PLLC
Attorneys for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868
consumerbk@comcast.net